12-3710-cr
United States v. Obiorah

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of September, two thousand thirteen.

PRESENT:  REENA RAGGI,
              GERARD E. LYNCH,
              RAYMOND J. LOHIER, JR.,
                 *Circuit Judges.*

------------------------------------------------------------------------------------

UNITED STATES OF AMERICA,
                 *Appellee*,

         v.                                No. 12-3710-cr

EDWIN CHIEDU OBIORAH, a/k/a Sealed Defendant 1,
a/k/a Eddie Murphy,
                 *Defendant-Appellant.*[*]

------------------------------------------------------------------------------------

APPEARING FOR APPELLANT:      ROBERT J. BOYLE, ESQ., New York, New York.

APPEARING FOR APPELLEE:      RANDALL W. JACKSON (Justin Anderson, *on the brief*), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the

---

[*] The Clerk of Court is directed to amend the official caption as shown above.

Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Harold Baer, *Judge*; Frank Maas, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on August 30, 2012, is AFFIRMED.

Edwin Chiedu Obiorah appeals his conviction, following a guilty plea, for conspiracy to distribute and to possess with intent to distribute one kilogram or more of heroin, see 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i), 846, and conspiracy to import one kilogram or more of heroin into the United States, see id. §§ 960(a)(3), (b)(1)(A), 963. Obiorah claims that the district court erred in denying (1) his motion to withdraw his guilty plea and (2) "safety-valve" consideration in sentencing under 18 U.S.C. § 3553(f). We assume the parties' familiarity with the facts and record of the prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Motion To Withdraw Guilty Plea

A defendant may withdraw his guilty plea if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B); see United States v. Doe, 537 F.3d 204, 210 (2d Cir. 2008) (stating that defendant bears burden of satisfying trial judge that there are grounds for withdrawal). In applying this "stringent" standard, United States v. Gonzalez, 647 F.3d 41, 57 (2d Cir. 2011) (internal quotation marks omitted), a district court

2

considers "(1) the amount of time that has elapsed between the plea and the motion; (2) whether the defendant has asserted a claim of legal innocence; and (3) whether the government would be prejudiced by a withdrawal of the plea," United States v. Doe, 537 F.3d at 210. We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion, see id. at 211, which we do not identify here.

### a. Delay and Prejudice

Obiorah entered his guilty plea on December 9, 2011, the eve of trial, and then waited more than eight months, until August 16, 2012, to move to withdraw it. Although defense counsel told the district court that he did not immediately act upon Obiorah's request to withdraw, the record indicates that any delay due to counsel's inaction was minimal, see Tr. 3:14–19, J.A. 171 (stating that Obiorah asked defense counsel to file motions as his sentencing date "approach[ed]"), and therefore cannot excuse the significant lapse in time between Obiorah's plea and motion. Thus, the eight-month gap weighs against granting Obiorah's motion. See United States v. Carreto, 583 F.3d 152, 157 (2d Cir. 2009) (stating that one-year delay weighed against granting motion); United States v. Grimes, 225 F.3d 254, 259 (2d Cir. 2000) (same for five months). Moreover, because the government "surely would have encountered difficulties were it required to re-assemble its evidence after" a more than eight-month delay, the government would have been prejudiced by the withdrawal of Obiorah's guilty plea, further weighing against withdrawal. United States v. Carreto, 583 F.3d at 157.

3

b.      Assertion of Legal Innocence

Obiorah asserts that no evidence establishes that he conspired with an individual who was not a government agent, and he claims that he would not have pleaded guilty had he been informed that such an agreement was required.  We are not persuaded.

i.      Factual Basis for Guilty Plea

At his plea allocution, Obiorah admitted that he "agreed with others to import into New York 1 kilogram of heroin" and that "[a]s part of that conspiracy[,] on September 30th, 2010," he operated as a "middleman" in Lagos, Nigeria, by setting up a transaction whereby a man named "Estonement" (not a government agent) sold one kilogram of heroin to a man named Ayo (a government informant), knowing that Ayo intended to send the heroin to New York.  Tr. 14:10–18, J.A. 30.  Further, the government proffered that, at trial, it would introduce recorded conversations in which Obiorah spoke of additional co-conspirators located in New Jersey.  This information provided an adequate factual basis from which the district court could assure itself that Obiorah had entered into a conspiratorial agreement with one or more persons who were not government agents.  See United States v. McFadden, 238 F.3d 198, 200 (2d Cir. 2001) ("[A] district court may rely on the defendant's own admissions, information from the government, or other information appropriate to the specific case." (alteration and internal quotation marks omitted)).

In urging otherwise, Obiorah argues that Estonement did not know that the drugs were intended for the United States and, thus, lacked the knowledge and specific intent necessary

4

to be a co-conspirator in crimes to be committed in the United States.[1]  As support for this proposition, Obiorah points to his affidavit in support of his withdrawal motion stating that he never told Estonement that the drugs were bound for the United States.  The statement hardly forecloses Estonement's knowledge and intent.  See United States v. Londono-Villa, 930 F.2d 994, 1000–01 (2d Cir. 1991) (stating that conspirator may not escape conviction for drug importation by consciously avoiding knowledge that drugs were intended for United States).  In any event, the government proffered that it would introduce evidence at trial that Obiorah conspired with individuals in New Jersey, which was sufficient assurance of an agreement between Obiorah and one or more other persons for heroin to reach the United States.  See United States v. McFadden, 238 F.3d at 200.[2]

---

[1] Because, as discussed below, such knowledge and intent are clearly required with respect to the importation conspiracy count, and because we find the record sufficient to provide a factual basis for the conclusion that other conspirators with such knowledge and intent existed, we need not decide whether such knowledge on the part of all conspirators is required for conviction of the distribution conspiracy charged in Count One.  See United States v. Manuel, 371 F. Supp. 2d 404 (S.D.N.Y. 2005) (upholding guilty verdict on charge of distribution conspiracy, and dismissing importation conspiracy charge, where defendant was not shown to have been aware that conspiracy he joined intended distribution of illegal drugs in United States).

[2] Contrary to Obiorah's assertion, based on his statement during his plea allocution that he acted as a middleman who facilitated a transaction between Estonement and Ayo, the district court had sufficient assurance that Obiorah and Estonement did not share a buyer-seller relationship that fell within the "narrow exception to the general conspiracy rule."  United States v. Rojas, 617 F.3d 669, 674 (2d Cir. 2010) (internal quotation marks omitted).

ii.    Notice of Charges

Nor does the record support Obiorah's claim that the district court failed to provide him with adequate notice of the charges against him. See Fed. R. Crim. P. 11(b)(1)(G). Quite the contrary, at his plea allocution, in response to questioning by the district court, Obiorah stated that he had read and understood the indictment, which described the charges against him, and that he had conferred with his attorney about the indictment. Moreover, after the government summarized the elements of the conspiracy charges, Obiorah stated that he understood the elements of those charges and that he had consulted with counsel about them. This was sufficient to ensure the notice required by Rule 11. See United States v. Maher, 108 F.3d 1513, 1523 (2d Cir. 1997) (upholding guilty pleas under Rule 11 where "each defendant acknowledged that he had read the indictment, had discussed the charges with his attorney, and knew that he was pleading guilty to counts charging money laundering and conspiracy to launder money"); United States v. Parkins, 25 F.3d 114, 118 (2d Cir. 1994) (holding that defendant received requisite notice under Rule 11 where, inter alia, he acknowledged at plea hearing that he had "read [the Information], understood it, and discussed it with his attorney").

Insofar as Obiorah faults the district court for failing specifically to advise him that a conspiracy requires an agreement with at least one individual who is not a government agent, the point merits little discussion because any error would necessarily be harmless in light of our earlier discussion of Obiorah's statements regarding Estonement's role in the

6

conspiracy and the government's proffered evidence showing that he entered into such an agreement. See Fed. R. Crim. P. 11(h); United States v. Adams, 448 F.3d 492, 499 (2d Cir. 2006) (stating that error is harmless where "it would not have affected the defendant's decision to plead guilty" (internal quotation marks omitted)).[3]

Accordingly, because all three factors weigh against granting Obiorah's motion to withdraw his guilty plea, we conclude that the district court acted well within its discretion in denying that motion.

2.      Safety Valve

Obiorah contends that the district court erred in finding him ineligible for "safety-valve" relief from the ten-year mandatory minimum sentence applicable to each crime of conviction. See 18 U.S.C. § 3553(f); 21 U.S.C. §§ 841(b)(1)(A), 960(b)(1)(A). We review the district court's factual findings regarding application of the safety valve for clear error, see United States v. Ortiz, 136 F.3d 882, 883 (2d Cir. 1997), which is not present here.

---

[3] This case is unlike United States v. Andrades, 169 F.3d 131 (2d Cir. 1999), on which Obiorah relies. There, we concluded that the district court failed adequately to explain the charges during the plea proceeding because (1) it did not describe the elements of the charges, (2) it did not elicit an explanation of those charges from the government, (3) defendant manifested confusion about the charges, and (4) there was no evidence in the record that defendant conspired with individuals who were not government agents. See id. at 135–36. All four of those factors are absent here.

Because Obiorah's claim that the district court did not provide adequate notice of the charges against him fails even under abuse-of-discretion review, we need not address the government's argument that this claim should be reviewed only for plain error.

7

Section 3553(f) allows a district court to sentence certain non-violent drug offenders "without regard to any statutory minimum sentence" if five criteria are met. 18 U.S.C. § 3553(f). Only the fifth criterion is relevant to this appeal. It requires that a defendant disclose to the government, by the time of sentencing, "all information and evidence [he] has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." Id. § 3553(f)(5). Obiorah bears the burden of proving by a preponderance of the evidence that he made such disclosure. See United States v. Jimenez, 451 F.3d 97, 102–03 (2d Cir. 2006).

The district court identified "sufficient evasiveness" in Obiorah's Fatico hearing testimony to conclude that he failed to carry this burden. Tr. 2:19–23, J.A.141. We have no reason to question this credibility determination. See United States v. Nuzzo, 385 F.3d 109, 118 (2d Cir. 2004) ("[W]e owe a district court deference with respect to factual findings, especially those based on witness credibility."). Indeed, it finds support in material inconsistencies between Obiorah's hearing testimony and recorded statements to the confidential informant. Compare, e.g., Tr. 33:15–20, J.A. 71 (testifying that he told informant he did not know if he could obtain 50 kilos of heroin in Nigeria), with Tr. 4:15–19, JA 109 (telling informant he could obtain 50 kilos of heroin); compare, e.g., Tr. 52:21–22, J.A. 90 (testifying, "No. I don't have any . . . previous knowledge of shipping heroin. I have never done any heroin business before."), with Tr. 5:6–6:2, J.A. 110–11 (describing for informant methods to ship heroin and launder narcotics proceeds); cf. United States v.

8

Nuzzo, 385 F.3d at 118 (vacating district court's award of safety-valve relief where defendant "made inconsistent statements about a host of issues pertinent to his offense conduct").

In these circumstances, Obiorah's contention that the district court failed to make adequate factual findings regarding its safety-valve determination is unavailing. See United States v. Gambino, 106 F.3d 1105, 1111 (2d Cir. 1997) (stating that remand for additional fact-finding is necessary only "where we are unable to discern from the record the basis of the district court's ruling"). Accordingly, the district court did not clearly err in denying Obiorah safety-valve relief under § 3553(f).

We have considered Obiorah's remaining arguments on appeal and conclude that they are without merit. The judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court